IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DALE N. SMITH,

    Petitioner,

v.                                                                      Civ. No. 12-1322 MCA/GBW

U.S. PAROLE COMMISSION and
U.S. PRE-TRIAL AND PROBATION DEPARTMENT,

    Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before me on Petitioner's Motion to Dismiss in Part and Continue in Part, *doc. 26*. I find that Petitioner has voluntarily dismissed all of his claims save one—a request to review his parole records. Because I find that he has no right to inspect his records, I recommend that the Court grant the motion in part and deny it in part and deny Petitioner's petition.

**I.**     **BACKGROUND**

Petitioner was sentenced to life imprisonment in 1978. *Doc. 1* at 1; *Doc. 15* at 2. Although parole was abolished when the U.S. Federal Sentencing Guidelines went into effect in 1987, Petitioner was grandfathered into the program. *Doc. 1* at 2; *Doc. 15* at 2. Petitioner was released on parole in April 2008. *Doc. 1* at 1; *Doc. 15* at 2.

Petitioner filed the instant petition for release from parole under 28 U.S.C. § 2241 on December 26, 2012, alleging that the U.S. Parole Commission (USPC) lacked

1

authority over him and failed to respond to his requests for early termination of supervision. *Doc. 1* at 2-4. He also claimed the U.S. Pretrial and Probation Department[1] has mistreated him while supervising his parole and has failed to adequately train its officers. *Id*. at 4-6.

On January 15, 2013, Petitioner filed a Mandamus Request Seeking Action. *Doc. 13*. He alleged that U.S. Probation Officer Aaron Givens transmitted false information to the USPC that would "Improperly Cause the U.S. Parole Commission to issue a Violator Arrest Warrant for [his] arrest." *Id*. at 2. Petitioner asked that he be permitted "to read and understand and rebut any accusations or claims against him which might effect [sic] his Liberty Interests and/or undermine the integrity of the legal process in this Matter, for the duration of this Case." *Id*.

Respondents filed a motion to dismiss on February 1, 2013, arguing that Petitioner's claims were not yet ripe. *Doc. 15*. The USPC must hold a hearing five years after a parolee's release on parole to determine whether to continue supervision. 18 U.S.C. § 4211(c). Plaintiff's five year hearing was scheduled for April 2013. *See doc. 15* at 2-4. Respondents urged the Court to dismiss the petition in light of the upcoming hearing. *Id*.

---

[1] There does not appear to be a federal agency called the "U.S. Pretrial and Probation Department." I presume that Petitioner is referring to "U.S. Probation and Pretrial Services System" administered by the Federal Judiciary.

2

On April 26, 2013, Respondents filed an answer, which indicated that Petitioner was scheduled for a parole revocation hearing around the same time as his five-year termination hearing. *Doc. 22*. The revocation hearing was a result of the USPC's finding of probable cause on February 20, 2013, that Petitioner had violated the conditions of parole by driving drunk and failing to report an arrest. *Id*. at 1-2.

Petitioner was therefore eligible for both a revocation hearing and termination hearing in early May 2013. *Doc. 22* at 3. On May 2, 2013, I ordered Respondents to notify the Court of the outcomes of both hearings. *Doc. 24*. Respondents did so on May 16, 2013, stating that Petitioner had accepted an Expedited Revocation Proposal and waived his rights to a revocation hearing and appeal. *Doc. 25* at 1. On May 20, 2013, Petitioner moved to dismiss all claims brought in the instant case against the USPC, but asked to continue his "Mandamus Claims" against Officer Givens. *Doc. 26* at 1.

II. <u>ANALYSIS</u>

**A. Petitioner's claims against the U.S. Parole Commission and the U.S. Pretrial and Probation Department should be dismissed**

Petitioner has agreed to voluntarily dismiss his claims against the USPC. *Doc. 26*. Although the motion does not reference the U.S. Pretrial and Probation Department, it can be inferred that Petitioner intended to dismiss those claims as well, since (1) he brings the same claims against both organizations, and (2) he seeks to continue only his "Mandamus Claims" against Officer Givens. *See docs. 1 & 26*. I therefore recommend

that the Court dismiss the claims against the USPC and the U.S. Pretrial and Probation Department.

### B. Petitioner's "Mandamus Claims" should be dismissed

As noted above, Petitioner's "Mandamus Claims" are made not in his Petition but in the subsequent "Mandamus Request Seeking Action." *Doc. 13*. In that filing, Petitioner asks that he be permitted to review the USPC and U.S. Pretrial and Probation Department's documents concerning him. *Id*. In Petitioner's Motion for Dismiss, he asks that the Court allow his "Mandamus Claims" against Officer Givens to survive until at least August 1, 2013, "so that Smith might complete his agreed term of confinement and then prepare his Mandamus argument(s) related to Agent Givens' unlawful transmittal of false information about Smith and the adverse affects [sic] that act had upon Smith and his livelihood and liberty interests." *Doc. 26* at 1.

Petitioner did not name Officer Givens, or any other individual officer, as a defendant in his petition.[2] *Doc. 1*. Nor did he serve any individual defendants. *See doc. 5*. Therefore, he cannot maintain a claim against Officer Givens individually. To the extent that Petitioner in his mandamus motion asserts a claim, that claim is brought against the USPC and/or the U.S. Pretrial and Probation Department.

Parolees have no constitutional right to view their parole records. *See Hyser v. Reed*, 318 F.2d 225, 239 (D.C. Cir. 1963) (holding parolee does not have constitutional

---

[2] Although Petitioner at one point refers to "Defendant Officers" in passing, he does not name them. *Doc. 1* at 6. Nor has he moved to amend his petition to add individual defendants.

4

right to view his file); *Slocum v. Ga. State. Bd. of Pardons & Paroles*, 678 F.2d 940, 942 (11th Cir. 1982); (holding inmate has no due process right to inspect his parole file); *Fronczak v. Warden, El Reno Reformatory*, 431 F. Supp. 981, 983 (W.D. Okla. 1976) ("A prisoner has no absolute right to inspect the files of the Parole Board."); *cf. Cook v. Willingham*, 400 F.2d 885, 885 (10th Cir. 1968) (holding prisoner had no due process right to inspect his presentence report). Because he has no right to view his parole files, Petitioner has failed to state a claim upon which relief can be granted. His "Mandamus Claims" should therefore be dismissed.

### III.  CONCLUSION

I recommend that the Court grant in part and deny in part Petitioner's Motion to Dismiss in Part and Continue in Part, *doc. 26*. Petitioner's request to dismiss his claims against the USPC and the U.S. Pretrial and Probation Department should be granted. Because his "Mandamus Request Seeking Action" fails to state a claim upon which relief can be granted, I recommend the Court deny his motion to continue such a claim and instead dismiss that claim as well. As no claims would remain, I recommend his Petition be dismissed.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

5

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**