IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DALE N. SMITH,

    Petitioner,

v.                                                                                                  Civ. No. 12-1322 MCA/GBW

U.S. PAROLE COMMISSION and
U.S. PRE-TRIAL AND PROBATION DEPARTMENT,

    Respondents.

## SECOND PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

I filed my first Proposed Findings and Recommend Disposition (PFRD) in this case on June 21, 2013, finding that Petitioner had voluntarily dismissed his claim for release against Respondents U.S. Parole Commission (USPC) and U.S. Pre-trial and Probation Department, and that his claim to review his parole records was meritless. *Doc. 27*. Petitioner's voluntary dismissal of his claim for release was premised on an Expedited Revocation Proposal which was signed by Petitioner and indicated the USPC's intent to release him on July 12, 2013. *Doc. 26*; *Doc. 25*, Ex. 1. On July 15, 2013, Petitioner notified the Court that he was not released on July 12, 2013, which he contends is a violation of the Expedited Revocation Proposal. *Doc. 29*. He then "renewed [his] request to the court for a complete review of the Questions of Law and Jurisdictional Issues brought in [his] original petition," which I interpret as a withdrawal of his prior voluntary dismissal. *See doc. 32* at 2. Because Petitioner has

1

withdrawn his dismissal, I must now consider the merits of his claims. I therefore vacate the portion of my prior PFRD recommending dismissal of those claims based on Petitioner's voluntary dismissal.[1] *See doc. 27 at 3-4.*

## I. BACKGROUND

Petitioner was sentenced to life imprisonment in 1978. *Doc. 1 at 1; Doc. 15 at 2.* Although parole was abolished in the federal system in 1987, Petitioner was grandfathered into the program. *Doc. 1 at 2; Doc. 15 at 2.* Petitioner was released from custody and placed on conditions of parole on April 25, 2008. *Doc. 1 at 1; Doc. 15 at 2 & Ex. 1.*

Pursuant to 18 U.S.C. § 4211(b), a parolee is entitled to annual reviews "to determine the need for continued supervision." Moreover, five years after release, a parolee is entitled to a hearing with the presumption favoring termination of continued supervision. *Id.* § 4211(c)(1). If termination of supervision is not granted because it is determined that "there is a likelihood that the parolee will engage in conduct violating any criminal law," the parolee may request a § 4211(c) hearing annually thereafter. *Id.* § 4211(c)(2).

The primary relief sought by Petitioner in his original Complaint was termination of his parole supervision upon the five-year anniversary of his release from custody. *See doc. 1 at 4, 7.* Petitioner's Complaint was filed on December 26, 2012, or

---

[1] As will be discussed below, my recommendation of dismissal of his claim regarding his right to review his parole records is unaffected by these developments and remains intact.

2

four months before the crucial date of April 25, 2013. As such, the United States sought dismissal on the basis of ripeness. *See doc. 15*.

However, on February 15, 2013, before the deadline for his five-year review hearing, Petitioner was arrested on a warrant alleging that he had violated conditions of his parole. *Doc. 22* at 2. Pending a hearing to determine if his parole should be revoked, Petitioner was returned to BOP custody. *Id*. His revocation hearing was scheduled for the week of May 6, 2013. *Id*. Prior to that date, on April 22, 2013, Petitioner filed a "Petition Seeking Emergency Habeas Corpus Release." *Doc. 20*. In the new Petition, he sought "immediate release from custody and from any further supervision upon release." *Doc. 20* at 3.

Subsequent to this new filing but before any revocation hearing, the USPC offered Petitioner an Expedited Revocation Proposal. *Doc. 25*, Ex. 1. Under this proposal, Petitioner would waive his revocation hearing, and he would be released from custody and returned to parole supervision on July 12, 2013. *Id*. Petitioner agreed to this proposal on May 9, 2013. *Id*.

Petitioner was not released from custody on July 12, 2013. Instead, on July 17, 2013, the USPC issued a Notice of Action, delaying Petitioner's release on parole by 60 days to September 10, 2013. *Doc. 30*, Ex. 1. The delay was ordered by the USPC pursuant to 28 C.F.R. § 2.28(e) because it concluded that additional time was necessary to develop a satisfactory release plan. *Id*.

3

In response, Petitioner again asked this Court to order his immediate release from custody. *See docs. 29, 32.*

## II. ANALYSIS

In this Court, Petitioner has sought two related but distinct types of relief. First, he has asked this Court to order the end of his parole supervision. However, under the terms of the Expedited Revocation Proposal, to which he agreed, Petitioner necessarily forfeits this claim for relief. That Proposal explicitly contemplated Petitioner's release from custody subject to further parole supervision. *Doc. 25*, Ex. 1. The record unequivocally demonstrates Petitioner's understanding of this fact. On July 15, 2013, two months after agreeing to the Proposal, Petitioner wrote to the Chief United States Probation Officer for the District of New Mexico stating: "This letter is an attempt to contribute to the process of considerations related to parole planning activities for my return to parole through your department in Albuquerque, New Mexico. Please be assured that I hope to be returned to parole supervision by your department as soon as possible, and that I intend to fully cooperate with any and all directions received." *Doc. 29* at 5. He goes on to explain issues he has encountered with his supervising agent and asks her to "lend serious and positive consideration to assigning a different agent to supervise my parole in the future." *Id*. Thus, by agreeing to the Proposal, Petitioner knowingly and voluntarily withdrew the request that this Court order the end of his parole supervision.

4

Of course, Petitioner was not released from custody on July 12 as he expected based upon his agreement to the Proposal. So, the question becomes whether the USPC breached the terms of the Proposal agreement such that Petitioner is now freed from his side of the agreement. The Proposal agreement set July 12, 2013 as the "effective" date for Petitioner's parole to recommence. *Doc. 25*, Ex. 1 at 4. However, under 28 C.F.R. § 2.28(e), "when an effective date of parole has been set by the Commission, release on that date shall be conditioned upon the completion of a satisfactory plan for parole supervision. The appropriate Regional Commissioner may on his own motion reconsider any case prior to release and may reopen and advance or retard an effective parole date for the purposes of release planning. Retardation without a hearing may not exceed 120 days." In other words, any agreement by the USPC to an "effective" date of parole is subject to being delayed without hearing for 120 days if the USPC concludes that a satisfactory plan for supervision is not in place. Therefore, the USPC's delay of Petitioner's actual release in this case did not breach the agreement to an "effective" date of parole commencing on July 12, 2013. Petitioner is still bound by his agreement to the Proposal and the resulting withdrawal of his claim to termination of parole supervision.

Second, Petitioner seeks immediate release from BOP custody. Petitioner's current custody results from a finding by the USPC that he violated the terms of his parole. He was arrested on a warrant on February 15, 2013 and set for a revocation

hearing. In the Expedited Revocation Proposal, he waived his right to that hearing in exchange for an effective date for recommencement of his parole. *Doc. 25*, Ex. 1 at 4. As explained above, he is still bound by the terms of that agreement. His custody is therefore proper at least through September 10, 2013, at which time the USPC indicates that it will have a "satisfactory release plan." I therefore recommend that the Court dismiss Petitioner's claim for release from custody without prejudice as unripe. *See Morgan v. McCotter*, 365 F.3d 882, 890 (10th Cir. 2004) (finding that a case becomes ripe when "the harm asserted has matured sufficiently to warrant judicial intervention") (quoting *Warth v. Seldin*, 422 U.S. 490, 499 n.10 (1975)).

In addition to the requests to terminate his custody and his parole supervision, Petitioner has also sought access to certain information from the USPC. Specifically, on January 15, 2013, Petitioner filed a Mandamus Request Seeking Action. *Doc. 13*. He alleged that U.S. Probation Officer Aaron Givens transmitted false information to the USPC that would "Improperly Cause the U.S. Parole Commission to issue a Violator Arrest Warrant for [his] arrest." *Id.* at 2. Petitioner asked that he be permitted "to read and understand and rebut any accusations or claims against him which might effect [sic] his Liberty Interests and/or undermine the integrity of the legal process in this Matter, for the duration of this Case." *Id.* Moreover, in Petitioner's Motion to Dismiss, he asks that the Court allow his "Mandamus Claims" against Officer Givens to survive until at least August 1, 2013, "so that Smith might complete his agreed term of

confinement and then prepare his Mandamus argument(s) related to Agent Givens' unlawful transmittal of false information about Smith and the adverse affects [sic] that act had upon Smith and his livelihood and liberty interests." *Doc. 26* at 1.

Petitioner did not name Officer Givens, or any other individual officer, as a defendant in his petition.[2] *Doc. 1*. Nor did he serve any individual defendants. *See doc. 5*. Therefore, he cannot maintain a claim against Officer Givens individually. To the extent that Petitioner in his mandamus motion asserts a claim, that claim is brought against the USPC and/or the U.S. Pretrial and Probation Department.

Parolees have no constitutional right to view their parole records. *See Hyser v. Reed*, 318 F.2d 225, 239 (D.C. Cir. 1963) (holding parolee does not have constitutional right to view his file); *Slocum v. Ga. State. Bd. of Pardons & Paroles*, 678 F.2d 940, 942 (11th Cir. 1982); (holding inmate has no due process right to inspect his parole file); *Fronczak v. Warden, El Reno Reformatory*, 431 F. Supp. 981, 983 (W.D. Okla. 1976) ("A prisoner has no absolute right to inspect the files of the Parole Board."); *cf. Cook v. Willingham*, 400 F.2d 885, 885 (10th Cir. 1968) (holding prisoner had no due process right to inspect his presentence report). Because he has no right to view his parole files, Petitioner has failed to state a claim upon which relief can be granted. His "Mandamus Claims" should therefore be dismissed with prejudice.

---

[2] Although Petitioner at one point refers to "Defendant Officers" in passing, he does not name them. *Doc. 1* at 6. Nor has he moved to amend his petition to add individual defendants.

7

**III.    CONCLUSION**

I find that Petitioner knowingly and voluntarily agreed to the Expedited Revocation Proposal from the USPC.  I conclude that the USPC did not breach that agreement by delaying his release pursuant to its lawful authority to delay release if a satisfactory release plan is not in place.

I find that the agreement constitutes an explicit forfeiture of Petitioner's request that his parole supervision be terminated.  I further find that Petitioner's custody is lawful at this time.  Consequently, I recommend denying without prejudice his request that his custody be terminated.  Finally, because his "Mandamus Request Seeking Action" fails to state a claim upon which relief can be granted, I recommend dismissal of that claim with prejudice.  As no claims would remain, I recommend his Petition be dismissed.[3]

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[3] Consequently, I also recommend that the Court deny Petitioner's request for appointment of counsel and immediate release to his home in Edgewood, New Mexico for the duration of this suit (*see docs. 21, 32*).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition (PFRD) they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.  Any objections filed with regard to earlier PFRDs will not constitute proper objections to this PFRD.**