IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DALE N. SMITH,

      Petitioner,

v.                                   Civ. No. 12-1322 MCA/GBW

U.S. PAROLE COMMISSION and
U.S. PRE-TRIAL AND PROBATION DEPARTMENT,

      Respondents.

## ORDER ADOPTING SECOND PROPOSED FINDINGS AND RECOMMENDED DISPOSITION AND DISMISSING CASE

This matter comes before the Court on Petitioner's objections to the Magistrate Judge's Second Proposed Findings and Recommended Disposition (PFRD), *doc. 33*. The Court overrules Petitioner's objections, adopts the Magistrate Judge's PFRD, and dismisses this case.

## I.   BACKGROUND

Petitioner was sentenced to life imprisonment in 1978. *Doc. 1* at 1; *Doc. 15* at 2. Although parole was abolished when the U.S. Federal Sentencing Guidelines went into effect in 1987, Petitioner was grandfathered into the program. *Doc. 1* at 2; *Doc. 15* at 2. Petitioner was released on parole in April 2008. *Doc. 1* at 1; *Doc. 15* at 2.

Petitioner originally sought termination of his parole supervision at the five-year anniversary of his release from custody.  *Doc. 1* at 4, 7.  Under 18 U.S.C. § 4211(b), a parolee is entitled to annual reviews "to determine the need for continued supervision." Moreover, five years after release, a parolee is entitled to a hearing with the presumption favoring termination of continued supervision. Id. § 4211(c)(1). If termination of supervision is not granted because it is determined that "there is a likelihood that the parolee will engage in conduct violating any criminal law," the parolee may request a § 4211(c) hearing annually thereafter. Id. § 4211(c)(2).

The government moved to dismiss Petitioner's original Complaint on the basis of ripeness, as it was filed on December 26, 2012, four months short of the five-year mark of April 25, 2013.  *See docs. 1, 15.*   Unfortunately for Petitioner, on February 15, 2013, he violated the conditions of parole by driving drunk and failing to report the arrest.  *Doc. 22* at 1-2.  He was returned to custody pending a hearing on the potential revocation of his parole on the basis of this violation. *Id.*  Meanwhile, on April 22, 2013, Petitioner filed a "Petition Seeking Emergency Habeas Corpus Release." *Doc. 20.*  In the new Petition, he sought "immediate release from custody and from any further supervision upon release." *Doc. 20* at 3.  On April 26, 2013, Respondents filed an answer, which indicated that Petitioner was scheduled for a parole revocation hearing around the same time as his five-year termination hearing.  *Doc. 22.*

Petitioner was therefore eligible for both a revocation hearing and termination hearing in early May 2013.  *Doc. 22* at 3.  On May 2, 2013, the Magistrate Judge ordered Respondents to notify the Court of the outcomes of both hearings.  *Doc. 24.* Respondents did so on May 16, 2013, stating that Petitioner had accepted an Expedited Revocation Proposal and waived his rights to a revocation hearing and appeal.  *Doc. 25* at 1.

Ultimately, however, Petitioner was not released from custody on July 12, 2013. Five days after his designated release date, the United States Parole Commission (USPC), relying on 28 C.F.R. § 2.28(e),  issued a Notice of Action, delaying Petitioner's release on parole by 60 days to September 10, 2013.  *Doc. 30*, Ex. 1.  Because of this delay, Petitioner moved the Court for immediate release.  *Docs. 29, 32.*  The Magistrate Judge issued his PFRD on August 23, 2013, recommending that the Court deny without prejudice Petitioner's request for termination of his custody, and dismiss with prejudice his request for mandamus relief for failure to state a claim on which relief could be granted.  *Doc. 33* at 8.  Petitioner filed his objections[1] to the PFRD on September 16, 2013. *Doc. 37.*

---

[1] The Court notes that the objections are styled as a motion seeking a hearing on the merits of Petitioner's claim.  Because Petitioner proceeds *pro se,* the Court must construe his pleadings broadly. *Hall v. Bellmon*, 935 F.3d 1106, 1110 (10th Cir. 1991).   With this posture in mind, the Court notes that the content of the motion is clearly directed towards objecting to the PFRD.  As such, the Court will treat the motion as objections.

II.   STANDARD OF REVIEW

After a party objects to the magistrate judge's proposed findings and

recommendations, the Court "shall make a de novo determination of those portions . . .

to which objection is made."  28 U.S.C. § 636(b).  Objections must be made with

specificity; general or conclusory objections are insufficient.  *See United States v. 2121 E.*

*30th St.*, 73 F.3d 1057, 1060-61 (10th Cir. 1996).  "Issues raised for the first time in

objections to the magistrate judge's recommendation are deemed waived."  *Marshall v.*

*Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

III.   ANALYSIS

A.   **Petitioner's Requests for Termination of Parole Supervision And
      Release From Custody Are Denied**

Petitioner requests both termination of his parole supervision by the USPC and

immediate release from Bureau of Prisons (BOP).  The Magistrate Judge found that

because Petitioner voluntarily agreed to the USPC's Expedited Revocation Proposal, he

was barred from now seeking termination of his parole, regardless of the fact that his

original release date was set back.  *Doc. 33* at 4-5.  While Petitioner now contends that

"the Parole Commission has lost jurisdiction" over him, he does not explain why the

Magistrate Judge's finding as to the Proposal is erroneous.  *Doc. 37* at 2.   Having

reviewed the Magistrate Judge's reasoning, this Court agrees that by assenting to the

Proposal, "Petitioner knowingly and voluntarily withdrew the request that this Court

order the end of his parole supervision."  *Doc. 33* at 4.   The Court further agrees that the

4

Magistrate Judge's determination that the USPC's adjustment of Petitioner's release date does not constitute a breach of the Proposal.  *Id.* at 5.

As for his request for release from BOP custody, as the Magistrate Judge explained, Petitioner's violation of his terms of parole provides a proper basis for his continued custody through September 10, 2013.  *Doc. 33* at 5-6.  Therefore, any challenge to Petitioner could raise to his continued confinement would not be ripe until after that date.  *Doc. 33* at 6.  Petitioner raises no objection to this finding.  But that date has now come and passed.  It would appear that Petitioner is no longer in custody. Petitioner was scheduled for release on September 10, 2013. His objections, which were filed September 16th, notably lack any assertion that he was not released at that time.  The Court therefore must conclude that Petitioner has been released and this claim is moot.

**B.    Petitioner's "Mandamus Claims" Are Dismissed**

The Magistrate Judge interpreted the claims made in Petitioner's "Mandamus Request Seeking Action," *doc. 13*, as requesting that he be permitted to review the USPC and U.S. Pretrial and Probation Department's documents concerning him.  *Doc. 33* at 6. He found that Petitioner has no constitutional right to review those documents and recommended that this Court dismiss the claim.  *Id.* at 6-7.  Petitioner raises no specific objection to this finding.   The Court, having reviewed the reasoning set forth in the PFRD, also agrees with this recommendation.

### C. Petitioner Cannot Maintain A Claim Against Individuals Not Named In His Complaint

Petitioner finally contends that he was subjected to considerable ill treatment at the hands of United States Probation Officer Aaron Givens and his supervisor Margaret Vigil. *Doc. 37* at 2-4. As the Magistrate Judge noted, neither individual was named as a defendant by Petitioner, either in the original Complaint or by subsequent amendment. *Id.* at 7. This fact precludes him from bringing a claim against these individuals now. *Id.* Further, to the extent that Petitioner's complaints as these individuals can be construed to raise new arguments about the USPC in relation to these individuals for the first time in these objections, these claims have been waived.

## IV. CONCLUSION

Petitioner's objections are OVERRULED and the Court ADOPTS the Magistrate Judge's Second Proposed Findings and Recommended Disposition (*doc. 33*).[2] The Magistrate Judge's First Proposed Findings and Recommended Disposition (*doc. 27*) is MOOT. Because Petitioner has relinquished his right to challenge his parole, his request for termination of parole supervision is DISMISSED WITHOUT PREJUDICE. Further, because Petitioner no longer appears to be in BOP custody, his request for release is denied as MOOT. Finally, his "mandamus" action does not state a claim for

---

[2] The Court notes that the Expedited Revocation Proposal constitutes an independent resolution of the issues raised in the Government's Motion to Dismiss (*doc. 15*). Therefore, this motion is moot.

which relief can be granted, and is DISMISSED WITH PREJUDICE.  Petitioner's § 2241

petition is DENIED and this case is DISMISSED without prejudice.


_____

M. CHRISTINA ARMIJO
Chief United States District Judge